# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHARLES MULLINS,**
**Claimant Below, Petitioner**

**FILED**

July 20, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0276** (BOR Appeal No. 2052218)
          (Claim No. 2016014788)

**BROOKS RUN SOUTH MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Mullins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brooks Run South Mining, LLC, by Sean Harter, its attorney, filed a timely response.

The issues on appeal are the addition of displacement of lumbar intervertebral disc without myelopathy to the claim, additional medical benefits, and the closure of the claim for temporary total disability benefits. The claims administrator denied a referral to Rajesh Patel, M.D., on September 1, 2016. On October 14, 2016, the claims administrator closed the claim for temporary total disability benefits, and on November 21, 2016, it denied the addition of displacement of lumbar intervertebral disc without myelopathy to the claim. The Office of Judges affirmed the decisions in its August 29, 2017, Order. The Order was affirmed by the Board of Review on March 2, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins, a roof bolter, was injured in the course of his employment on December 1, 2015, while lifting a belt structure. A treatment note from Welch Community Hospital that day indicates Mr. Mullins reported a work-related back injury. On December 10, 2015, he returned with complaints of worsening pain and pain shooting down both legs. He also reported decreased

1

sensation. The employee's and physician's report of injury states that Mr. Mullins injured his lower back and legs while lifting a belt structure. The physician's section was completed at Welch Community Hospital and the diagnosis was listed as a lumbar sprain. On December 30, 2015, the claims administrator held the claim compensable for sprain of ligaments of the lumbar spine and temporary total disability benefits were granted from December 2, 2015, through January 5, 2016.

Mr. Mullins has a long history of lumbar spine problems. On March 26, 2012, he sought treatment at Princeton Community Hospital for lower back pain for the previous few days. He stated that he was sitting down and when he stood up, his back started hurting and the pain radiated into his right leg. It was noted that he had back problems four to five years prior. A lumbosacral MRI taken on April 4, 2012, showed a benign tumor at L5 and mild disc osteophyte formation with slight indentation of the thecal sac at L5-S1.

In a July 24, 2014, treatment note Robert Kropac, M.D., noted that Mr. Mullins was seen for lower back pain. He reported a history of lower back pain for all of his life. The pain was off and on but had increased over the past year with no specific injury. He also reported pain intermittently in his right and left legs. Dr. Kropac diagnosed lumbosacral musculoligamentous strain and prescribed medication. Mr. Mullins returned to Dr. Kropac on April 6, 2015, and stated that his back pain had been constant and radiating into this right leg and mid back. Dr. Kropac recommended an MRI.

On March 28, 2015, Mr. Mullins returned to Princeton Community Hospital with worsening back pain with radiation into the right leg. He denied any injury and was given medication and injections. An MRI was performed on April 22, 2015, which showed a small disc protrusion at L5-S1 and mild L4-5 degenerative disc disease and facet arthropathy. Mr. Mullins returned to Dr. Kropac on May 5, 2015, and reported that he still had constant lower back pain and that his right leg pain had increased. Dr. Kropac diagnosed discogenic lower back disease with a radicular component.

Mr. Mullins sought treatment from David Shamblin, M.D., following the compensable injury at issue. On December 16, 2015, Dr. Shamblin noted that Mr. Mullins was seeking treatment for a work-related back injury after lifting a belt structure. His pain was mostly in his right hip and leg and he had difficulty walking as well as some urinary incontinence. Mr. Mullins reported that he was diagnosed with scoliosis as a child but had no treatment for his back until the compensable injury. Dr. Shamblin diagnosed herniated L5-S1 disc. Mr. Mullins was to remain off of work until an MRI could be performed. On January 5, 2016, Mr. Mullins reported no improvement in his pain, and he was walking with a right-sided limp. On January 19, 2016, Dr. Shamblin noted that the MRI showed a central disc protrusion. Mr. Mullins started physical therapy and was to remain off of work. By February 18, 2016, it was noted that physical therapy had improved the leg pain but the back pain remained the same. Mr. Mullins was to continue therapy and remain off of work. Mr. Mullins returned to Dr. Shamblin's office on March 31, 2016, and it was noted that he had been attending physical therapy but had seen no improvement. Dr. Shamblin opined that he needed to be seen by a spinal surgeon as he had developed urinary urgency and loss of bladder control. He was to remain off of work. On July 5, 2016, Mr.

Mullins's condition remained the same, and Dr. Shamblin opined that a consultation with a neurosurgeon was still necessary.

By August 3, 2016, Mr. Mullins's symptoms had worsened, and on August 31, 2016, Dr. Shamblin reiterated that a consultation with Dr. Patel, neurosurgeon, remained Mr. Mullins's best option for treatment and stated that he should undergo surgery if Dr. Patel recommended it. Mr. Mullins remained unable to return to work. He returned to Dr. Shamblin on September 28, 2016, and it was noted that his condition had not improved since his first treatment. It was also noted that he had undergone an independent medical evaluation and was found to be at maximum medical improvement for the compensable injury. The evaluation also found that his current condition was related to a previous injury, though Dr. Shamblin found that he had no leg pain with his prior back pain. He was not aware of the 2012 MRI. On November 2, 2016, it was noted that Mr. Mullins's symptoms had worsened and he now had increased tingling and numbness in the right leg. He remained disabled and unable to return to work. Dr. Shamblin opined that since he had failed conservative treatment, a visit with a spinal surgeon should be considered. By November 30, 2016, Mr. Mullins's limp had increased and he was now unable to sit up right. On February 13, 2017, Dr. Shamblin opined that Mr. Mullins was still temporarily and totally disabled and that he had displacement of lumbar intervertebral disc. Dr. Shamblin believed that though he may have had a bulging disc prior to the compensable injury, the injury at issue caused the herniation of the disc. Dr. Shamblin opined that Mr. Mullins was unable to work in his current condition and a referral to Dr. Patel was medically necessary and reasonably related to the compensable injury.

A lumbar MRI was performed on January 13, 2016, and showed a posterior disc protrusion at L5-S1. On March 21, 2016, an EMG/NCS showed abnormal activity in the right S1 innervated muscles. Barry Vaught, M.D., evaluated the study and found that it was abnormal. He determined there was electrophysiological evidence of S1 radiculopathy on the right. There was no evidence of neuropathy on the left.

Mr. Mullins was seen by Dr. Patel on April 13, 2016. Dr. Patel diagnosed lumbar sprain, L5-S1 disc bulge, right S1 radiculopathy, and lumbago. He opined that conservative treatment would be the best approach. He advised Mr. Mullins to stay as active as possible and to avoid bed rest. He also recommended referral to a pain clinic for epidural steroid injections. Dr. Patel opined that based on the MRI, Mr. Mullins's loss of bladder control could not be explained as there was no evidence of significant cauda equine compression. Dr. Patel did find some mild nerve root compression but stated that it should not cause loss of bladder control. He determined that a consultation with a urologist would be reasonable. Dr. Patel recommended Mr. Mullins exhaust all conservative treatment available before considering surgery.

Andrew Thymius, M.D., treated Mr. Mullins on June 7, 2016, and diagnosed lumbosacral intervertebral disc displacement and radiculopathy. Dr. Thymius noted that Mr. Mullins had failed conservative treatment. He found that since the examination findings correlated with the MRI findings, epidural steroid injections for treatment and diagnostic purposes were necessary. Mr. Mullins had the injections on June 30, 2016. On August 11, 2016, he followed up with Dr. Thymius's physician's assistant, Mr. Lilly. Mr. Mullins reported no pain relief from the

injections and severe pain for the first three days after the injections. No further injections were recommended and Mr. Mullins was referred back to Dr. Patel.

Marsha Bailey, M.D., performed an independent medical evaluation on August 17, 2016, in which she diagnosed chronic lower back pain with right radiculopathy. She noted that Mr. Mullins had a long history of preexisting lumbar symptoms and had received treatment from Dr. Kropac in the past. She opined that the record reflects that he had experienced lower back and right leg symptoms since at least April 4, 2014, and that his complaints preexisted and had remained unchanged since the compensable injury. Dr. Bailey found that Mr. Mullins had reached maximum medical improvement for the compensable injury and no further treatment of any kind was necessary. She stated that he has no work restrictions due to the compensable injury but would likely be unable to return to his previous job due to noncompensable, preexisting conditions. She assessed 7% permanent partial disability due entirely to preexisting conditions and placed him in Lumbar Category I of West Virginia Code of State Rules § 85-20-C (2006), which allows for 0%. Her assessment was therefore adjusted to 0% permanent partial disability.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 17, 2017, in which he diagnosed a lumbar sprain. He found that the L5-S1 herniated disc was preexisting and not causally related to the compensable injury. He opined that Mr. Mullins had reached maximum medical improvement and required no further treatment for the compensable injury. Dr. Mukkamala found no need for a referral to Dr. Patel to explore surgical options. Physical examination did not show evidence of radiculopathy. Dr. Mukkamala disagreed with Dr. Shamblin's recommendations and agreed with Dr. Bailey's findings.

The claims administrator denied a referral to Dr. Patel for surgical options on September 1, 2016. On October 14, 2016, it closed the claim for temporary total disability benefits, and on November 21, 2016, the claims administrator denied the addition of displacement of lumbar intervertebral disc without myelopathy to the claim. The Office of Judges affirmed the decisions in its August 29, 2017, Order. It determined that it is more likely than not that Mr. Mullins's disc herniation preexisted the compensable injury, especially given the fact that it was seen on MRI as early as 2012. His present complaints were determined to be related to his noncompensable conditions, and a referral to Dr. Patel was therefore not necessary for the compensable injury. The Office of Judges also determined that further temporary total disability benefits were properly denied since Mr. Mullins was found to be at maximum medical improvement on August 17, 2016. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 2, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Mullins has requested the addition of displacement of lumbar intervertebral disc without myelopathy to the claim; however, a 2012 MRI shows that the displaced disc long preexisted the compensable 2015 injury. Referral for treatment of the condition and temporary total disability benefits as a result of the condition were therefore also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 20, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.